UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES ANDERSON; KIRMAN D. PAUL; KEVIN R. FRANKLYN; SHELIA FRANKLYN, as Legal Guardian for VIVIAN ARMSTRONG, a LIP; LISA M. GARTH; COREY ANDERSON; YVONNE ANDERSON; JEANNIE WILSON, | Case No. 10-13708<br><br>Paul D. Borman<br>United States District Judge |
| Plaintiffs, | Michael Hluchaniuk<br>United States Magistrate Judge |
| v. | |
| COUNTY OF WAYNE, a Political Subdivision and County Governmental Entity, RAYMOND J. WOJTOWICZ; Individually and in his official capacity as the Publicly Elected WAYNE COUNTY TREASURER Agency of the County of Wayne Operating under Michigan State Law; ROBERT A. FICANO, Individually and as Wayne County Executive;  CITY OF DETROIT, a Michigan Municipal Corporation, | |
| Defendants. | |
| _____/ | |

## OPINION AND ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION (DKT. NO. 10)

Before the Court is Plaintiffs' Emergency Motion for Hearing and Entry of a Preliminary Injunctive Order Enjoining and Restraining Defendants From Disposing, Auctioning or Selling Parcels Involved in this Litigation Based Upon Rule 65(a) of the Federal Rules of Civil Procedure. (Dkt. No. 10.)  Defendants filed a response.  (Dkt. No. 12.)  For the reasons that follow, the Court DENIES the motion for preliminary injunctive relief.

I.     BACKGROUND

Plaintiffs purport to have individual interests in nine unrelated parcels of property, some of

1

which, Plaintiffs allege, are scheduled to be offered at a public auction on or about October 26, 2010. (Mot. ¶¶ 1, 5, 8; Compl. Intro. ¶.) Each of the properties is alleged to have been the subject of a tax foreclosure, based upon delinquent tax status, brought by the Wayne County Treasurer. (Compl. ¶ 13.) Plaintiffs' motion states that the Wayne County Treasurer and other Defendants are "now attempting to sell, auction and dispose of these nine (9) parcels of Real Property . . . ." (Mot. ¶ 1.) Plaintiffs seek a preliminary injunction, "enjoining and restraining [Defendants] from selling, auctioning and disposing of these nine (9) parcels at a Wayne County After Sale on October 26, 2010 . . . ." (Mot. ¶ 12.)

Defendants have responded to Plaintiffs' Complaint and to the instant motion and have attached the property tax records with respect to each parcel identified in the Plaintiffs' Complaint and provide the following information, based upon those records, with respect to each individual parcel:[1]

**Tax Parcel 1603452:** Plaintiff Kirman D. Paul had an identifiable interest in this property. No other named Plaintiff has an interest in this property. The true cash value of property based on its assessed value is approximately $88,000. Property taxes are delinquent from 2005 through 2009 in the total amount of $17,915.74. The Wayne County Treasurer obtained a judgment of foreclosure on this property from the Wayne County Circuit Court on March 30, 2010, Wayne County Circuit Court Case No. 09-014685 PZ.[2] As a result of the Judgment of Foreclosure, title passed to the

---

[1] These facts were provided in the Defendants' Motion to Dismiss, which was filed before Plaintiffs' filed the instant motion for preliminary injunctive relief. (Defs.' Mot. to Dismiss, Dkt. No. 8.) Plaintiffs have not challenged the accuracy of this information in their Emergency Motion.

[2] This Wayne County Circuit Court Case is identified by Plaintiffs in their Complaint as a companion case to the instant action. (Compl. p. 20.)

Wayne County Treasurer and the property will be offered at a public auction on October 22, 2010. Plaintiff Paul can redeem the property by paying the delinquent taxes and he can bid on the property at the public auction.

**Tax Parcel 1603993:** No listed Plaintiff has an identifiable interest in this property although Plaintiffs Kevin Franklyn, Shelia Franklyn and Vivian Armstrong have included the property in bankruptcy petitions which have been dismissed. The true cash value of the property based on its assessed value is approximately $42,000. Property taxes are delinquent from 2006 through 2009 but the property is not included in this year's foreclosure sale and thus will not be auctioned at the October 2010 public auction. Plaintiffs still have the opportunity to pay the delinquent taxes to remove the property from next year's foreclosure sale.

**Tax Parcel 16007604-6:** Plaintiffs Shelia Franklyn and Kevin Franklyn had an identifiable interest in the property. The true cash value of the property based on its assessed value is $42,000. The Wayne County Treasurer obtained a judgment of foreclosure on this property from the Wayne County Circuit Court on March 30, 2007. Plaintiffs Shelia and Kevin Franklyn pursued and exhausted all appellate remedies, resulting in an April 23, 2009 Order of the Court of Appeals affirming the Judgment of Foreclosure. (Defs. Mot. to Dismiss, Dkt. No. 8, Ex. 10.) As a result of the judgment, title to the property passed to the Wayne County Treasurer. The property is not included in this year's foreclosure and thus will not be auctioned at the October 2010 public auction. Plaintiffs still have the opportunity to pay the delinquent taxes to redeem the property and remove the property from next year's foreclosure sale.

**Tax Parcel 10638896:** Plaintiff Vivian Armstrong had an identifiable interest in the property. The true cash value of the property based on its assessed value is $14,000. Property taxes

are delinquent from 2005 through 2009 in the total amount of $5,176.73. The Wayne County Treasurer obtained a judgment of foreclosure on this property from the Wayne County Circuit Court on March 30, 2010 (Wayne County Circuit Court Case No. 09-014685 PZ). As a result of the foreclosure, title passed to the Wayne County Treasurer and the property was sold at auction on September 23, 2010.

**Tax Parcel 16036990:** Plaintiff Kevin Franklyn had an identifiable interest in the property. The true cash value of the property based on its assessed value is $54,000. The Wayne County Treasurer obtained a judgment of foreclosure on the property from the Wayne County Circuit Court on March 30, 2010. Plaintiff Kevin Franklyn pursued and exhausted all appellate remedies, resulting in an April 23, 2009 Order of the Court of Appeals affirming the Judgment of Foreclosure. (Defs. Mot. to Dismiss, Dkt. No. 8, Ex. 10.) As a result of the judgment, title to the property passed to the Wayne County Treasurer. The property is not included in this year's foreclosure and thus will not be auctioned at the October 2010 public auction. Plaintiffs still have the opportunity to pay the delinquent taxes to redeem the property and remove the property from next year's foreclosure sale.

**Tax Parcel 21034890:** Plaintiff Lisa M. Garth had an identifiable interest in the property. The cash value of the property based upon its assessed value is $43,000. Property taxes are delinquent on the property from 2007 through 2009 in the amount of $9,080.55. The Wayne County Treasurer obtained a judgment of foreclosure from the Wayne County Circuit Court on March 30, 2010, Wayne County Circuit Court Case No. 09-014685 PZ. As a result of the judgment of foreclosure, title passed to the Wayne County Treasurer and the property will be offered at a public auction on October 22, 2010. Plaintiff Garth can still redeem the property by paying the delinquent taxes and can bid on the property at the public auction.

4

**Tax Parcel 16037540-9:** The property is owned by Lawrence A. Nael and none of the listed Plaintiffs has an identifiable interest in the property. The true cash value of the property based upon its assessed value is $62,000. Property taxes are delinquent on the property from 2005 through 2009 in the total amount of $17,322.84. The Wayne County Treasurer obtained a judgment of foreclosure on the property from the Wayne County Circuit Court on March 30, 2010, Wayne County Circuit Court Case No. 09-014685 PZ. As a result of the judgment of foreclosure, title passed to the Wayne County Treasurer and the property will be offered at a public auction on October 22, 2010. Plaintiffs have the option of bidding on the property at the public auction.

**Tax Parcel 16007567-70:** The property is owned by KD's Barbeque and none of the named Plaintiffs has an identifiable interest in the property. The true cash value of the property based upon its assessed value is $42,000. Property taxes are delinquent on the property from 2006 through 2009. The Wayne County Treasurer obtained a judgment of foreclosure on the property from the Wayne County Circuit Court on March 30, 2010, Wayne County Circuit Court Case No. 09-014685 PZ. As a result of the judgment of foreclosure, title passed to the Wayne County Treasurer and the property will be offered at a public auction on October 22, 2010. Plaintiffs have the option of bidding on the property at the public auction.

**Tax Parcel 13010347:** The property is owned by Brenda J. Micou and none of the Plaintiffs has an identifiable interest in the property. The true cash value of the property based upon its assessed value is $38,000. Property taxes are delinquent from 2007 through 2009 in the total amount of $9,695.42. The Wayne County Treasurer obtained a judgment of foreclosure on the property from the Wayne County Circuit Court on March 30, 2010, Wayne County Circuit Court Case No. 09-014685 PZ. As a result of the judgment of foreclosure, title passed to the Wayne

County Treasurer and the property will be offered at a public auction on October 22, 2010. Plaintiffs have the option of bidding on the property at the public auction.

Thus, of the nine properties identified in Plaintiffs' Complaint, only five are to be auctioned at the public sale to take place on October 22, 2010. Each of these properties, parcels 16034252, 21034890, 16037540-9, 16007567070 and 13010347, was the subject of a judgment of foreclosure issued by the Wayne County Circuit Court on March 30, 2010. No Plaintiff pursued a further appeal in state court of the March 30, 2010 judgment of the Wayne County Circuit Court on these properties which resulted in title to these properties passing to the Wayne County Treasurer.

Plaintiffs filed the instant Complaint on September 17, 2010 raising a number of claims that are only loosely pled but refer to 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and the Federal Helping Families Save Their Home Act of 2009 (SB 896).[3] The gravamen of Plaintiffs' Complaint appears to be that they were denied the opportunity in the state court foreclosure proceedings to work out a payment plan with the Treasurer's Office for partial payment of their tax debts or to extend their redemption periods. They now ask this Court to reverse the judgment of the Wayne County Circuit Court with respect to their foreclosures and to enjoin the Wayne County Treasurer from proceeding with the sale of these properties. The Court finds that Plaintiffs have little chance of succeeding on their claims in this Court and therefore DENIES the requested preliminary injunctive relief.

## II. STANDARD OF REVIEW

Plaintiff bears the burden of demonstrating entitlement to preliminary injunctive relief and

---

[3] The Court notes that The Helping Families Save Their Homes Act of 2009, Public Law 111-22, addresses mortgage foreclosures, not tax foreclosures.

the burden is substantial. Such relief will only be granted where "the movant carries his or her burden of proving that the circumstances clearly demand it." When considering a motion for injunctive relief, the Court must balance the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a TRO, (3) whether granting the TRO would cause substantial harm to others, and (4) whether the public interest would be served by granting the TRO." *Detroit Intern. Bridge Co. v. Federal Highway Admin.*, 666 F. Supp. 2d 740, 746 (E.D. Mich. 2009) (citing *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir.2008)). These four factors must be "balanced" and are not "prerequisites:"

> These four considerations are factors to be balanced, not prerequisites that must be met. The district judge is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue. However, it is generally useful for the district court to analyze all four of the preliminary injunction factors, especially since our analysis of one of the factors may differ somewhat from the district court's.

*Tenke*, *supra* at 542 (internal quotation marks and citations omitted). *See also Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

### III. ANALYSIS

Plaintiffs had a full and fair opportunity to litigate in state court the issues surrounding their foreclosed properties and, as to each parcel that is a subject of the instant motion, the Wayne County Circuit Court issued a judgment of foreclosure in favor of the Wayne County Treasurer. In two of the cases not currently scheduled for auction, Plaintiffs appealed the judgment of the Wayne County Circuit which was affirmed by the Michigan Court of Appeals. Because Plaintiffs had, and seized,

7

the opportunity to litigate these issues in state court, their claims in this action have virtually no likelihood of success in this Court. This conclusion is fatal to Plaintiffs' motion for preliminary injunctive relief.

### A. Plaintiffs' Claims are Barred by the *Rooker-Feldman* doctrine.[4]

Pursuant to the *Rooker-Feldman* doctrine, "lower courts lack subject matter jurisdiction to review the decisions of state courts." *Givens v. Homecomings Financial*, 278 F. App'x 607, 608-609 (6th Cir. 2008). *Rooker-Feldman* applies to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 609 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Plaintiffs here present a classic case for application of the *Rooker-Feldman* doctrine. They lost a state tax foreclosure action, which resulted in title passing to the Treasurer who now seeks to sell those properties at a public auction. Plaintiffs, dissatisfied with the state court result, seek to have this Court "quiet title in the property in them," and to "vacate any foreclosure judgment awarding possession to Defendants" and "issue a written payment plan." (Compl., Prayer for Relief, p. 17-18.) It is clear from Plaintiffs' Complaint, and from the instant motion, that the source of Plaintiffs' injuries is the state court judgment. "Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker-Feldman* [is] appropriate." 278 F. App'x at 609 (citing *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 489-490 (6th Cir. 2005)). *See also Luckett v. US Bank Nat'l Ass'n*, No. 08-14285, 2009 WL 22858 at * 3-4 (E.D.

---

[4] The name derives from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Mich. Jan. 5, 2009) (applying *Rooker-Feldman* and denying a temporary restraining order in a mortgage foreclosure case based upon no likelihood of success on the merits, observing that "there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court, and [e]ach of the myriad and vague claims set forth by the plaintiffs rests on the premise that the state court entry of foreclosure was invalid," and concluding that "to sustain the Plaintiff's complaint in this case would require the Court to in effect act as an appellate tribunal and conclude that the Michigan court simply made the wrong decision in the foreclosure and possession action. Under the Rooker-Feldman doctrine, as refined in *Exxon-Mobil*, the complaint clearly is subject to dismissal under Rule 12(b)(1).") (internal quotation marks and citation omitted); *Leach v. Manning*, 105 F. Supp. 2d 707, 713 (E.D. Mich. 2000) (refusing, on *Rooker-Feldman* grounds, to entertain plaintiffs' federal land patent claims, which had been rejected by a Michigan state court's authorization of inspections of plaintiff's property for purposes of enforcing certain City ordinances, holding that plaintiffs' "sole recourse is to appeal this decision through the state court system, and then to the U.S. Supreme Court. This Court lacks jurisdiction to entertain a collateral attack upon a state court judgment, including that portion of any ruling in which the state court determined, even if only implicitly, that Plaintiffs' property is not exempt from the reach of Pontiac municipal ordinances.") Similarly here, to sustain Plaintiffs' Complaint would require this Court to decide that the Wayne County Circuit Court had made the wrong decision on the tax foreclosure judgment. Plaintiffs do not state a claim that is independent of the wrong they allege they suffered as a result of the state court judgment - they clearly challenge the judgment itself and their Complaint would be subject to dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**B.     Res Judicata**

Even assuming that Plaintiffs' claims were not barred by *Rooker-Feldman*, they would be barred by principles of *res judicata.* Any claims that Plaintiffs seek to make in this Court could have been brought in the Michigan state court proceedings. This Court must give the same preclusive effect to the state court judgment as another Michigan court would give to that judgment. *Exxon-Mobil*, 544 U.S. at 293. "Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not." *Luckett*, 2009 WL 22858 at * 4. The test for determining preclusive effect is whether the same facts or evidence are crucial to proof of the two claims, not whether the bases for relief are the same. *Id*. *See also Sewell v. Clean Cut Management*, 463 Mich. 569, 574 (2001) (holding that a state district court judgment issued in a summary possession proceeding is conclusive on the issue of whether the eviction was proper); *Givens,* 278 F. App'x at *2 (upholding district court's dismissal of plaintiff's complaint which sought to effectively appeal the state court order granting possession to JP Morgan, finding plaintiff's claims barred by the doctrine of *res judicata* because they could have been resolved in the state court proceeding).

The claims presented in Plaintiffs' Complaint, as Plaintiffs attested to in their filing of the instant Complaint when they disclosed that the Wayne County Circuit Case No. 09-014685-PZ granting the Wayne County Treasurer a judgment of foreclosure was a companion to the instant action, involves the same facts that were necessary to a determination of the state court action. Plaintiffs want to relitigate in this Court the issue of whether they should be permitted to avoid tax foreclosure by making partial payments on their tax liabilities or whether they should be given more

10

time to redeem their properties. They clearly had an opportunity, and likely did, make these arguments in state court. They are barred, by principles of *res judicata*, from making them in this Court.

Accordingly, because Plaintiffs' motion for a preliminary injunction has no likelihood of success on the merits, the motion must be denied. *Luckett*, 2009 WL 22858 at * 5.[5]

**IV.    CONCLUSION**

The Court DENIES Plaintiffs' Emergency Motion for Hearing and Entry of a Preliminary Injunctive Order Enjoining and Restraining Defendants from Disposing, Auctioning or Selling Parcels (Dkt. NO. 10.)

IT IS SO ORDERED.

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: October 25, 2010

---

[5] Defendants also argue that this Court is prohibited, under 28 U.S.C. § 1341, from enjoining, suspending, or restraining an assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the State courts. (Defs. Resp. 3.) Because the Court denies Plaintiffs' motion on the grounds discussed above, it need not reach this alternative argument.

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 25, 2010.

                                                  s/Denise Goodine
                                                  Case Manager