UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES ANDERSON; KIRMAN D. PAUL; KEVIN R. FRANKLYN; SHELIA FRANKLYN, as Legal Guardian for VIVIAN ARMSTRONG, a LIP; LISA M. GARTH; COREY ANDERSON; YVONNE ANDERSON; JEANNIE WILSON, | Case No. 10-13708<br><br>Paul D. Borman<br>United States District Judge |
| Plaintiffs, | Michael Hluchaniuk<br>United States Magistrate Judge |
| v. | |
| COUNTY OF WAYNE, a Political Subdivision and County Governmental Entity, RAYMOND J. WOJTOWICZ; Individually and in his official capacity as the Publicly Elected WAYNE COUNTY TREASURER Agency of the County of Wayne Operating under Michigan State Law; CITY OF DETROIT, a Michigan Municipal Corporation, | |
| Defendants. | |
| _____/ | |

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter comes before the Court on Defendants Wayne County (the "County"), Wayne County Treasurer Raymond J. Wojtowicz (the "Treasurer"), and the City of Detroit's (the "City," collectively "Defendants") Motion to Dismiss Plaintiffs' claims stemming from the County's decision to institute a tax foreclosure on their homes as a result of several years' worth of delinquent property taxes Plaintiffs failed to pay.[1] (Dkt. No. 8.) Plaintiffs Charles Anderson, Kirman D. Paul, Corey Anderson, Yvonne Anderson, Kevin R. Franklyn, Shelia Franklyn, Vivian Armstrong, and

---

[1] In their response to Defendants' motion, Plaintiffs added Robert Ficano as a named defendant even though Ficano was not originally named in Plaintiffs' Complaint. Because the Complaint was never amended, Ficano is not a party to this action or the instant motion.

1

Lisa M. Garth (collectively "Plaintiffs") have filed a response (Dkt. No. 17), and Defendants have filed a reply. (Dkt. No. 18.) Oral arguments were heard on May 26, 2011. For the following reasons, the Court GRANTS Defendants' motion to dismiss.

## I.  BACKGROUND

Plaintiffs purport to have individual interests in nine unrelated parcels of property. Each of the properties is alleged to have been the subject of a tax foreclosure, based upon delinquent tax status, brought by the Wayne County Treasurer. (Compl. ¶ 13.) Defendants have responded to Plaintiffs' Complaint and have attached the property tax records with respect to each parcel identified in the Plaintiffs' Complaint and provide the following information, based upon those records, with respect to each individual parcel:[2]

**Tax Parcel 1603452 (16185 Ohio):** Plaintiff Kirman D. Paul had an identifiable interest in this property. No other named Plaintiff has an interest in this property. The true cash value of property based on its assessed value is approximately $88,000. Property taxes are delinquent from 2005 through 2009 in the total amount of $17,915.74. The Wayne County Treasurer obtained a judgment of foreclosure on this property from the Wayne County Circuit Court on March 30, 2010, Wayne County Circuit Court Case No. 09-014685 PZ.[3] As a result of the Judgment of Foreclosure, title passed to the Wayne County Treasurer and the property was sold at a public auction. The Treasurer has withheld delivery of the deed, however, pending the final disposition of this case. (Defs.' Reply 3.)

---

[1] These facts were provided in the Defendants' Motion to Dismiss. (Dkt. No. 8.) Plaintiffs have not challenged the accuracy of this information in their response.

[2] This Wayne County Circuit Court Case is identified by Plaintiffs in their Complaint as a companion case to the instant action. (Compl. ¶ 20.)

**Tax Parcel 1603993 (15871 Kentucky):** No listed Plaintiff has an identifiable interest in this property although Plaintiffs Kevin Franklyn, Shelia Franklyn and Vivian Armstrong have included the property in bankruptcy petitions which have been dismissed. The true cash value of the property based on its assessed value is approximately $42,000. Property taxes are delinquent from 2006 through 2009 but the property is not included in this year's foreclosure sale and thus will not be auctioned at the October 2010 public auction. Plaintiffs still have the opportunity to pay the delinquent taxes to remove the property from next year's foreclosure sale.

**Tax Parcel 16007604-6 (10321 Puritan):** Plaintiffs Shelia Franklyn and Kevin Franklyn had an identifiable interest in the property. The true cash value of the property based on its assessed value is $42,000. The Wayne County Treasurer obtained a judgment of foreclosure on this property from the Wayne County Circuit Court on March 30, 2007. Plaintiffs Shelia and Kevin Franklyn pursued and exhausted all appellate remedies, resulting in an April 23, 2009 Order of the Court of Appeals affirming the Judgment of Foreclosure. *See Franklyn v. Wayne County Treasurer*, No. 278375, 2009 WL 1101522 (Mich. App. Apr. 23, 2009). As a result of the judgment, title to the property passed to the Wayne County Treasurer. The property was sold at the October 2010 public auction, however, the deed has not been delivered to the successful bidder pending the disposition of this case. (Defs.' Reply 3.)

**Tax Parcel 10638896 (15935 James Couzens):** Plaintiff Vivian Armstrong had an identifiable interest in the property. The true cash value of the property based on its assessed value is $14,000. Property taxes are delinquent from 2005 through 2009 in the total amount of $5,176.73. The Wayne County Treasurer obtained a judgment of foreclosure on this property from the Wayne County Circuit Court on March 30, 2010 (Wayne County Circuit Court Case No. 09-014685 PZ).

As a result of the foreclosure, title passed to the Wayne County Treasurer and the property was sold at auction on September 23, 2010. The deed to this property has been conveyed to the current property owner. (Defs.' Reply 3.)

**Tax Parcel 16036990 (15895 Kentucky):** Plaintiff Kevin Franklyn had an identifiable interest in the property. The true cash value of the property based on its assessed value is $54,000. The Wayne County Treasurer obtained a judgment of foreclosure on the property from the Wayne County Circuit Court on March 30, 2010. Plaintiff Kevin Franklyn pursued and exhausted all appellate remedies, resulting in an April 23, 2009 Order of the Court of Appeals affirming the Judgment of Foreclosure. *See Franklyn*, 2009 WL 1101522, at *1. As a result of the judgment, title to the property passed to the Wayne County Treasurer. The property was included in this year's foreclosure and was offered for sale at the September and October 2010 public auctions, however it was not sold and remains entitled in the name of the Treasurer. (Defs.' Reply 3.) Plaintiffs still have the opportunity to pay the delinquent taxes to redeem the property and remove the property from next year's foreclosure sale.

**Tax Parcel 21034890 (19213 Dresden):** Plaintiff Lisa M. Garth had an identifiable interest in the property. The cash value of the property based upon its assessed value is $43,000. Property taxes are delinquent on the property from 2007 through 2009 in the amount of $9,080.55. The Wayne County Treasurer obtained a judgment of foreclosure from the Wayne County Circuit Court on March 30, 2010, Wayne County Circuit Court Case No. 09-014685 PZ. As a result of the judgment of foreclosure, title passed to the Treasurer and the property was offered at public auction. It was not sold at either auction though, and remains entitled in the name of the Treasurer. (Defs.' Reply 3.)

**Tax Parcel 16037540-9 (16180 Wyoming):** The property is owned by Lawrence A. Nael and none of the listed Plaintiffs has an identifiable interest in the property. The true cash value of the property based upon its assessed value is $62,000. Property taxes are delinquent on the property from 2005 through 2009 in the total amount of $17,322.84. The Wayne County Treasurer obtained a judgment of foreclosure on the property from the Wayne County Circuit Court on March 30, 2010, Wayne County Circuit Court Case No. 09-014685 PZ. As a result of the judgment of foreclosure, title passed to the Wayne County Treasurer and the property was sold at public auction on October 22, 2010. (Defs.' Reply at 4.) Plaintiffs had the option of bidding on the property at the public auction.

**Tax Parcel 16007567-70 (8845 Puritan):** The property is owned by KD's Barbeque and none of the named Plaintiffs has an identifiable interest in the property. The true cash value of the property based upon its assessed value is $42,000. Property taxes are delinquent on the property from 2006 through 2009. The Wayne County Treasurer obtained a judgment of foreclosure on the property from the Wayne County Circuit Court on March 30, 2010, Wayne County Circuit Court Case No. 09-014685 PZ. As a result of the judgment of foreclosure, title passed to the Wayne County Treasurer and the property was sold at a public auction, but the Treasurer withheld delivery of the deeds pending the final disposition of this case. (Defs.' Reply 3.) Plaintiffs had the option of bidding on the property at the public auction.

**Tax Parcel 13010347 (4175 Moran):** The property is owned by Brenda J. Micou and none of the Plaintiffs has an identifiable interest in the property. The true cash value of the property based upon its assessed value is $38,000. Property taxes are delinquent from 2007 through 2009 in the total amount of $9,695.42. The Wayne County Treasurer obtained a judgment of foreclosure on the

5

property from the Wayne County Circuit Court on March 30, 2010, Wayne County Circuit Court Case No. 09-014685 PZ. As a result of the judgment of foreclosure, title passed to the Wayne County Treasurer and the property was offered for sale by public auction. The property was not sold at either the September or October auctions, and remains entitled in Treasurer's name. (Defs.' Reply 3.) Plaintiffs had the option of bidding on the property at the public auction.

Plaintiffs filed the instant Complaint on September 17, 2010 raising a number of claims that are only loosely pled but refer to 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and the Federal Helping Families Save Their Home Act of 2009 (SB 896).[4] The gravamen of Plaintiffs' Complaint appears to be that they were denied the opportunity in the state court foreclosure proceedings to work out a payment plan with the Treasurer's Office for partial payment of their tax debts or to extend their redemption periods. They ask this Court to vacate the judgment of the Wayne County Circuit Court with respect to their foreclosures, grant them quiet title to the properties, and enter a written payment plan for any delinquent taxes Plaintiffs may owe. (Compl., Prayer for Relief, pp. 17-18.) They also seek damages in excess of $150,000 per Plaintiff. (Compl., Prayer for Relief, pp. 13-14.)

Defendants have moved to dismiss Plaintiffs' Complaint. Defendants argue that this Court does not have subject matter jurisdiction to hear this case. (Defs.' Br. in Supp. of Mot. to Dismiss 9.) Alternatively, they contend that the doctrines of res judicata and governmental immunity bar Plaintiffs' claims. (*Id.* at 11.) Finally, in their reply brief, Defendants cite this Court's reasoning in its October 25, 2010 Order denying Plaintiff's motion for a temporary restraining order (Dkt. No.

---

[3] The Court notes that The Helping Families Save Their Homes Act of 2009, Public Law 111-22, addresses mortgage foreclosures, not tax foreclosures, and is therefore inapplicable to this case.

6

13) in arguing that the *Rooker-Feldman* doctrine forbids the Court to review the state-court decisions this case is predicated on. (Defs.' Reply 4.)

## II. Standard of Review

In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege facts which, if true, would entitle it to relief. This requires more than a mere formulaic recitation of the elements of a cause action, and conclusory statements alone will be insufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal citations omitted); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2008). The claims set forth must be plausible, rather than simply conceivable. *See Twombly*, 550 U.S. at 570. When evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in its favor. *See DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

However, the Court must construe the factual allegations in the instant Complaint liberally because "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "Thus, the Court must still read plaintiff's *pro se* complaint indulgently and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Percival v. Girard*, 692 F. Supp. 2d 712, 727 (E.D. Mich. 2010). But *pro se* litigants "are not automatically entitled to take every case to trial[,]" and "the 'leniency standard' has still required basic pleading standards." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2003).

**III. Discussion**

Plaintiffs had a full and fair opportunity to litigate in state court the issues surrounding their foreclosed properties and, as to each parcel that is a subject of the instant motion, the Wayne County Circuit Court issued a judgment of foreclosure in favor of the Wayne County Treasurer. In two of the cases, Plaintiffs appealed the judgment of the Wayne County Circuit which was affirmed by the Michigan Court of Appeals. *See Franklyn*, 2009 WL 1101522, at *1. For the following reasons the Court GRANTS Defendants' motion to dismiss.

**A.   Plaintiffs' Claims are Barred by the *Rooker-Feldman* Doctrine.[5]**

Pursuant to the *Rooker-Feldman* doctrine, "lower courts lack subject matter jurisdiction to review the decisions of state courts." *Givens v. Homecomings Financial*, 278 F. App'x 607, 608-09 (6th Cir. 2008). *Rooker-Feldman* applies to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 609 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Plaintiffs here present a classic case for application of the *Rooker-Feldman* doctrine. They lost a state tax foreclosure action, which resulted in title passing to the Treasurer and the sale of many of those properties at a public auction. Plaintiffs, dissatisfied with the state court result, seek to have this Court "quiet title in the property in them," "vacate any foreclosure judgment awarding possession to Defendants" and "issue a written payment plan." (Compl., Prayer for Relief, pp. 17-18.) It is clear from Plaintiffs' Complaint, that the source of Plaintiffs' injuries is the state court

---

[4] The name derives from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

8

judgment. "Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker-Feldman* [is] appropriate." *Givens*, 278 F. App'x at 609 (citing *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 489-90 (6th Cir. 2005)). *See also Luckett v. US Bank Nat'l Ass'n*, No. 08-14285, 2009 WL 22858, at *3-4 (E.D. Mich. Jan. 5, 2009)

In *Luckett*, the court applied the *Rooker-Feldman* doctrine to deny the plaintiff's request for a temporary restraining order in a mortgage foreclosure case because he was not likely to succeed on the merits. *Id.* The court found that the plaintiff was a "classic state court loser" who sought to have the federal district court review an unfavorable state court decision against him. *Id.*, at *3 (quotation marks omitted). The court concluded that "to sustain the Plaintiff's complaint in this case would require the Court to in effect act as an appellate tribunal and conclude that the Michigan court simply made the wrong decision in the foreclosure and possession action. Under the *Rooker-Feldman* doctrine, as refined in *Exxon-Mobil*, the complaint clearly is subject to dismissal under Rule 12(b)(1)." *Id.*, at *4.

A similar result was reached in *Leach v. Manning*, 105 F. Supp. 2d 707, 713 (E.D. Mich. 2000). In that case, the court refused, on *Rooker-Feldman* grounds, to entertain plaintiffs' federal land patent claims, which had been rejected by a Michigan state court. *Id.* The court held that the plaintiffs' "sole recourse is to appeal this decision through the state court system, and then to the U.S. Supreme Court." *Id.* It went on to note that "[t]his Court lacks jurisdiction to entertain a collateral attack upon a state court judgment, including that portion of any ruling in which the state court determined, even if only implicitly, that Plaintiffs' property is not exempt from the reach of Pontiac municipal ordinances." *Id.*

The *Rooker-Feldman* doctrine was also employed to dismiss a plaintiff's action based on a

9

purported unlawful tax foreclosure in *Promedica Continuing Care Services. v. Hillsdale County*, No. 08-cv-844, 2009 WL 1139587, at *1 (W.D. Mich. Apr. 28, 2009). In that case, the plaintiff had a judgment lien on the foreclosed property, which it claimed was sold at auction without providing Promedica proper notice. *See id.* The district court held that *Rooker-Feldman* barred the plaintiff's claim because it had already appealed the Hillsdale Circuit Court's ruling to the Michigan Court of Appeals and was merely trying to get the court to overturn those decisions. *See id.*, at *5 ("Any relief granted by this Court on plaintiff's instant contentions of lack of notice and due process violations, necessarily calls into question the state court judgment.").

Similarly here, to sustain Plaintiffs' Complaint would require this Court to decide that the Wayne County Circuit Court simply made the wrong decision on the tax foreclosure judgment. Plaintiffs do not state a claim that is independent of the wrong they allege they suffered as a result of the state court judgment. They clearly challenge the judgment itself, and therefore their Complaint is subject to dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### B.   Res Judicata

Even assuming that Plaintiffs' claims were not barred by *Rooker-Feldman*, they would be barred by principles of res judicata. Any claims that Plaintiffs seek to make in this Court could have been brought in the Michigan state court proceedings. This Court must give the same preclusive effect to the state court judgment as another Michigan court would give to that judgment. *Exxon-Mobil*, 544 U.S. at 293. "Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but

did not." *Luckett*, 2009 WL 22858, at *4. The test for determining preclusive effect is whether the same facts or evidence are crucial to prove the two claims, not whether the bases for relief are the same. *Id*. *See also Sewell v. Clean Cut Mgmt.*, 463 Mich. 569, 574 (2001) (holding that a state district court judgment issued in a summary possession proceeding is conclusive on the issue of whether the eviction was proper); *Givens,* 278 F. App'x at 609 (upholding district court's dismissal of plaintiff's complaint which sought to effectively appeal the state court order granting possession to JP Morgan, finding plaintiff's claims barred by the doctrine of res judicata because they could have been resolved in the state court proceeding).

The claims presented in Plaintiffs' Complaint, as Plaintiffs attested to in their filing of the instant Complaint when they disclosed that the Wayne County Circuit Case No. 09-014685-PZ granting the Wayne County Treasurer a judgment of foreclosure was a companion to the instant action, involves the same facts that were necessary to a determination of the state court action. Plaintiffs want to relitigate in this Court the issue of whether they should be permitted to avoid tax foreclosure by making partial payments on their tax liabilities or whether they should be given more time to redeem their properties. They clearly had an opportunity, and presumably did, make these arguments in state court. Additionally, Plaintiffs Kevin and Shelia Franklyn appealed the circuit court's decision to the Michigan Court of Appeals. *See Franklyn*, 2009 WL 1101522, at *1. Plaintiffs are therefore barred by principles of res judicata from making these claims in this Court.

### C.     The Tax Injunction Act

Finally, even if res judicata and the *Rooker-Feldman* doctrine did not mandate dismissal, Defendants' motion would still be granted pursuant to the Tax Injunction Act ("TIA"). Under the TIA, "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any

tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. This statute represents the fundamental principle of comity between state and federal governments. *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 378 (6th Cir. 1993) (quoting *Fair Assessment In Real Estate Ass'n v. McNary*, 454 U.S. 100, 103 (1981)). "This exclusion of federal courts from the state taxation area is so far reaching it precludes federal courts from declaring state tax laws unconstitutional." *Id.* Even though § 1341 only specifically refers to injunctions, it also bars declaratory actions and suits seeking damages under 42 U.S.C. § 1983. *Id.*

The Sixth Circuit has held that the TIA bars claims challenging the manner in which tax foreclosures are carried out. *See, e.g.*, *Dixon v. Oisten*, 62 F. App'x 105, 105 (6th Cir. 2003); *Johnson v. Mich. Dep't of Treasury*, No. 99-1730, 2000 WL 571916, at *2 (6th Cir. May 4, 2000). In *Dixon*, the plaintiff was a Michigan state prisoner and pro se litigant who brought a plethora of claims against several state officials and entities. 62 F. App'x at 105. One of his claims was for the taking of his real property via a tax foreclosure without due process. *Id.* In affirming the lower court's decision to dismiss the plaintiff's complaint, the Sixth Circuit held that "[t]he district court also properly noted that Dixon's challenge to the tax foreclosure on his real property was barred by the Tax Injunction Act." *Id.*

Similarly, in *Johnson*, the plaintiff alleged that he was denied due process because he did not receive notice of the tax foreclosure on his home. 2000 WL 571916, at *1. Although the court held that Johnson was not denied due process because he failed to record his deed to the property, the Sixth Circuit also noted that the Tax Injunction Act prohibited the district court from interfering with the State of Michigan's attempts to assess, levy, or collect taxes if a remedy was available under Michigan law. *Id.* It then noted, "Johnson had a remedy under state law in the form of redemption,

12

of which he failed to take advantage. He could also have sought relief in the state courts, but did not." *Id.*, at *2.

At oral argument, Plaintiffs raised several claims alleging that the procedures by which the State of Michigan foreclosed on their homes was unfair or unconstitutional. For example, they argued that they did not receive notice of the sale, that they were denied access to the on-line auctions at which their homes were sold, and were denied the opportunity to make a payment plan to avoid foreclosure. As in *Dixon* and *Johnson*, however, the TIA prohibits this Court from interfering with Michigan state tax disputes unless there is no remedy available under state law. Like the plaintiff in *Johnson*, Plaintiffs in the instant case had several options. They could have (1) paid their delinquent taxes; (2) participated in the public auctions; or (3) challenged the foreclosure ruling in state court (which at least some Plaintiffs did). Because such remedies were available under Michigan state law, the TIA bars Plaintiffs' attempt to bring this action in federal court.

## IV.     Conclusion

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss.

**SO ORDERED.**


                                        S/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  June 20, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 20, 2011.

                                                        S/Denise Goodine
                                                       Case Manager