UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ANDERSON; KIRMAN D. PAUL;                    Case No. 10-13708
KEVIN R. FRANKLYN; SHELIA FRANKLYN,
as Legal Guardian for VIVIAN ARMSTRONG,              Paul D. Borman
a LIP; LISA M. GARTH; COREY ANDERSON;                United States District Judge
YVONNE ANDERSON; JEANNIE WILSON,

                              Plaintiffs,            Michael Hluchaniuk
                                                     United States Magistrate Judge

v.

COUNTY OF WAYNE, a Political Subdivision
and County Governmental Entity, RAYMOND J.
WOJTOWICZ; Individually and in his official
capacity as the Publicly Elected WAYNE COUNTY
TREASURER Agency of the County of Wayne
Operating under Michigan State Law; CITY OF
DETROIT, a Michigan Municipal Corporation,

                              Defendants.
_____/

ORDER DENYING (1) PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT (DKT.
NO. 22) AND (2) DENYING AS MOOT PLAINTIFFS' MOTION TO CANCEL AND
RESCIND ALL TAX AUCTION TRANSACTIONS (DKT. NO. 21)

        This matter comes before the Court on Plaintiffs' Motion for Relief from Judgment (Dkt. No.

22) and Plaintiffs' Motion to Cancel and Rescind all Tax Auction Transactions (Dkt. No. 21).  At

the Court's request, Defendants filed responses to both motions.  (Dkt. Nos. 27, 28, 29, 30.)

Pursuant to E.D. Mich. L.R. 7.1, the Court finds that oral argument would not assist in determination

of the motions and decides both matters on the briefs.    For the reasons that follow, the Court

DENIES both motions.


I.      BACKGROUND

1

The factual background is set forth in detail in the Court's June 20, 2011 Opinion and Order. (Dkt. No. 19.)

## II.    STANDARD OF REVIEW

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir.1998). Plaintiffs purport to move the Court under 60(b)(1), 60(b)(4) and 60(b)(6) but only present argument under 60(b)(1). The Court construes Plaintiffs' claim that this Court's June 20, 2011 Opinion is "erroneous" and "'judicially unsound' as a matter of applicable law" as a claim of legal error, which may properly be considered under subsection (1) as a type of mistake. *See Pierce v. United Mine Workers of Am. Welfare and Ret. Funds of 1950 and 1974*, 770 F.2d 449, 451 (6th Cir.1985) (citing *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir.1983)). Plaintiffs appear to argue that this Court committed legal error in ruling that their claims are barred by the *Rooker-Feldman* doctrine. Plaintiff does not assert error as to the Court's additional and alternative bases for dismissal of their claims, i.e. the doctrine of *res judicata* or the Tax Injunction Act.

2

III.    **ANALYSIS**

A.    *Rooker-Feldman*

Notwithstanding Plaintiffs' self-serving re-characterization of their claims in their motion for relief from judgment, their Complaint makes it clear that they are seeking "judicial relief from the Tax Foreclosure" proceedings that were decided against them in the state courts and further seek to have this Court reverse the decisions of the Michigan state courts, to enforce Plaintiffs' alleged "statutory entitlement to legally own" these properties and to "quiet title" to the foreclosed properties in them. (Compl. ¶¶ 1, 3, 15.) Specifically, in their prayer for relief, Plaintiffs seek a judgment from this Court: (1) Quieting Legal Title in the foreclosed properties in them; (2) Vacating any foreclosure judgment issued against them in state court; and (3) Entering a written payment plan requiring Plaintiffs to resolve their delinquent taxes.

Plaintiffs directly seek a reversal of the state court judgments of foreclosure against them. They are classic "state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Givens v. Homecomings Financial*, 278 F. App'x 607, 609 (6th Cir. 2008) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005)). They are barred from seeking review of those state court judgments in this Court by the *Rooker-Feldman* doctrine, which derives its name from two United States Supreme Court cases interpreting 28 U.S.C. § 1257(a), which vests review of state court judgments in the Supreme Court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923). "[28 U.S.C. § 1257(a)] is designed to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking a review of a state-

3

court decision." *Kovacic v. Cuyahoga County Dept of Children and Family Services*, 606 F.3d 301, 308 (6th Cir. 2010). As explained in this Court's June 20, 2011 Opinion and Order, and as clearly enunciated in Plaintiffs' prayer for relief, the Plaintiffs here expressly seek to have this Court review and reverse the unfavorable decisions of the state court against them.

Invoking the relevant legal jargon, Plaintiffs assert in their motion for relief from judgment, without any legal analysis, that despite their prayer for relief, they are asserting "an independent civil action," that they "are not appealing the tax foreclosure judgments issued by the Wayne County Circuit Court" and that their claims are not, therefore, barred by *Rooker-Feldman*. (Mot. for Relief from Judg. ¶¶ 16, 17.) Reasonably interpreted, however, Plaintiffs' Complaint makes no such independent claim and their argument that the *Rooker-Feldman* doctrine is inapplicable is specious.

"If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The Sixth Circuit's opinion in *Kovacic* illustrates the contours of such an independent claim. The court in *Kovacic* held that plaintiffs' claim that the defendants failed to conduct an adequate review of their domestic situation before removing their children from the home, thereby "triggering the Juvenile Court proceedings" and order of removal, stated a claim separate from, and independent of, the state court order of removal. "[T]he children's claims in this case do not seek review or reversal of the decision of the juvenile court to award temporary custody to the state, but instead focus on the conduct of Family Services and of the social workers *that led up to* the juvenile court's decision to award temporary custody to the County." *Id.* at 310 (emphasis in original). Because the children in fact had been reunited with their mother,

4

Plaintiffs' claim for compensatory damages did not seek a reversal of the juvenile court's ruling. Thus, the source of the injury complained of was the action of third parties leading up to the juvenile court proceedings, and not the judgment of the juvenile court itself.

In the instant case, there is no meaningful distinction between Plaintiffs' state court actions and this action and their Complaint does not present a new and independent action. A similar effort to revisit a state court tax foreclosure action was rejected in *Promedica Continuing Care Servs. Corp. v. Hillsdale County, Michigan*, No. 08-844, 2009 WL 1139587 (W.D. Mich. April 28, 2009). In that case, Plaintiffs lost their property in a state tax foreclosure action and, after an unsuccessful appeal through the Michigan courts, Plaintiffs filed suit in federal court, mounting additional constitutional challenges to the foreclosure action. Plaintiffs asserted that their federal court action was not barred by the *Rooker-Feldman* doctrine because they were asserting a new and independent action based on the conduct of the county treasurer, a third party. *Id*. at * 4-5. Rejecting plaintiffs' argument and finding that it lacked jurisdiction under the *Rooker-Feldman* doctrine, the court explained:

> The Court finds no merit in plaintiff's argument that the instant case involves a third party's actions, those of defendant Treasurer, and is therefore an "independent claim" for purposes of the *Rooker-Feldman* doctrine. In this case, the action of defendant Treasurer is merely the underlying conduct challenged in attacking the foreclosure judgment and sale; it is not unrelated third-party conduct supporting an independent claim.

2009 WL 1139587 at *5. So too go Plaintiffs' claims in the instant case. There is no substantive third party conduct that would support an independent claim and serve to defeat application of the *Rooker-Feldman* doctrine. Plaintiffs' injury stems from the state court judgments dispossessing them of title to their homes, which Plaintiffs explicitly ask this Court to vacate. Plaintiffs were given the opportunity to object and be heard and an opportunity to redeem their properties by paying their

delinquent taxes.  They also had the opportunity to appeal, in the state court system, the judgments

of foreclosure entered by the circuit court, which at least some of the Plaintiffs attempted to do.

Plaintiffs' relief was to be found within the state courts and, beyond that, with the United States

Supreme Court, not with this Court.  *Id.*[1]

### B.    *Res Judicata and the Tax Injunction Act*

Even if, under the logic of *McCormick* and *Kovacic*, Plaintiffs' claims can be construed to

state a claim in this Court which defines a source of injury other than the state court judgments of

foreclosure, such claims are clearly barred in this case by the doctrine of *res judicata*.  The issues

raised in Plaintiffs' complaint in this Court are precisely the issues that were or could have been

litigated in the state court foreclosure actions.  As the Michigan Court of Appeals noted in its

opinion affirming the trial court's decision not to further extend the Franklyn's redemption period,

the Plaintiffs' efforts to redeem their properties, and their efforts to work out a payment plan, were

(or could have been) fully litigated in the foreclosure proceedings: "Plaintiffs moved for a stay of

the foreclosure on March 31, 2006; plaintiffs asked the court to stay the foreclosure based on

financial hardship and asked the court to approve a payment plan to settle the delinquency.  The trial

---

[1]  The Franklyns appear to be the only Plaintiffs to have utilized the state appellate process.  They did so by filing a separate complaint in the trial court, following the judgment of foreclosure, for equitable relief in the form of an order preventing the sale of their property at auction and compelling the Defendants to accept their partial payments.  The practical effect of their separately-filed action and subsequent appeal was to directly challenge the state court foreclosure judgment, and the procedural posturing of their case should not affect the analysis of their claims in this Court.  *See  Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 759 (6th Cir. 2003) (noting that it is generally true that "if the federal plaintiff was the plaintiff in state court, apply res judicata; if the federal plaintiff was the defendant in state court, apply *Rooker-Feldman*.").  326 F.3d at 755.  In the instant case, although technically plaintiffs in the state court, the Franklyns clearly seek to void the judgment of foreclosure and to relitigate the issue expressly decided against them in a "separate" action in the Court of Appeals.  Thus, their claims are barred by *Rooker-Feldman* and, alternatively, by *res judicata* and also by the Tax Injunction Act.  *See infra* discussion at pp. 6-7.

court issued a stay and held a hearing in May 2006. After the hearing, the trial court extended the

redemption period to June 30, 2006. However, Plaintiffs did not redeem the properties by that date

and, thereafter, the properties were to be sold at foreclosure sale in September 2006." *Franklyn v.*

*Wayne County Treasurer*, No. 278375, 2009 WL 1101522, at *1 (Mich. Ct. App. April 23, 2009).

It is clear that each Plaintiff could have presented in the foreclosure proceedings, as the Franklyns

did, the very arguments that they are making before this Court and further could have appealed in

the state courts any ruling on those arguments that was adverse to them, as the Franklyns did.[2]

       Plaintiffs do not like the outcome of the state court foreclosure actions and seek to have this

Court substitute its judgment for that of the Michigan courts on this very issue and grant them relief.

As set forth in this Court's June 20, 2011 Opinion and Order, the applicable law of claim preclusion

prevents the Court from doing so. This Court is obligated to give the same preclusive effect to the

state court judgment as another Michigan court would give that judgment. *Exxon-Mobil*, 544 U.S.

at 293. "Michigan has adopted a broad application of the doctrine of res judicata which bars not

---

[2] On September 11, 2006, the Franklyns filed their separate complaint in the trial court seeking to prevent the sale of their properties and to compel Defendants to accept their payment. After a hearing in January, 2007, the trial court "entered an order modifying the original 2006 foreclosure judgment to be effective as of March 30, 2007. Thus, the new redemption deadline was April 20, 2007. The trial court also dismissed plaintiffs' complaint with prejudice." *Franklyn v. Wayne County Treasurer*, No. 278375, 2009 WL 1101522, at *1 (Mich. Ct. App. April 23, 2009). The trial court, and the Michigan Court of Appeals, rejected as a matter of law the Franklyns' claim that the Defendants' failure to accept partial payments of their tax debt violated state law: "Plaintiffs provide no current law supporting their position that foreclosed property can be redeemed through partial payments. In order to redeem their properties, plaintiffs had 21 days to pay the county treasurer the '*total amount* of unpaid delinquent taxes, interest, penalties, and fees for which the property was forfeited' in addition to interest and other fees. See MCL 211.78g(3)(a) (emphasis added). Thus, under the plain language of the statute, partial payments will not suffice to redeem the properties." *Id*. at *2. (emphasis in original). To the extent that Plaintiffs may be contemplating a challenge to the constitutionality of the state tax laws, Plaintiffs are precluded from mounting such a challenge in this Court. *Dixon v. Oisten*, 62 F. App'x 105 (6th Cir. 2003) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div*., 987 F.2d 376, 378-79 (6th Cir. 1993)).

only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not." *Luckett v. US Bank Nat'l Ass'n*, No. 08-14285, 2009 WL 22858, at *3-4 (E.D. Mich. Jan. 5, 2009). There can be no question that "the factual basis for the instant federal action is the same as that underlying the state court proceeding[s]." *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 759 (6th Cir. 2003). "The relevant inquiry focuses on whether the federal action would require us to revisit issues and claims that were litigated or could have been litigated in the state court." *Id*. These claims were expressly litigated by the Franklyns in state court and any of these Plaintiffs likewise could have fully litigated their partial payment and redemption arguments in their state court proceedings. While Plaintiffs would like this Court to revisit these issues, and to give them a second bite at the apple, principles of *res judicata* prohibit this. Their claims in this Court are barred by *res judicata*.

In their motion for relief from judgment, Plaintiffs do not dispute or even address the Court's *res judicata* analysis and do not dispute or address the Court's alternative holding that their claims are barred by the Tax Injunction Act.


**IV.    CONCLUSION**

Because Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine or alternatively foreclosed by *res judicata* and the Tax Injunction Act, the Court DENIES Plaintiffs' motion for relief from judgment. (Dkt. No. 22.) Finding no error in its Opinion and Order granting Defendant's motion to dismiss Plaintiffs' Complaint, the Court DENIES AS MOOT Plaintiffs' motion to cancel and rescind all tax auction transactions. (Dkt. No. 21.)

IT IS SO ORDERED.

s/Paul D. Borman       
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: <u>August 5, 2011</u>

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the above date a copy of this Order was served upon all Plaintiffs' via ordinary U.S. Mail and Counsel for the Defendants, electronically.

s/Bernadette M. Thebolt
Case Manager
